UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22275-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

RICHARD TEATER,                    :

     Petitioner,                 :

v.

                     :        REPORT OF

WALTER A. McNEIL,                  :        MAGISTRATE JUDGE

     Respondent.                 :
_____   :

## Introduction

Richard Teater, a state prisoner confined at DeSoto Correctional Institution at Arcadia, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions for burglary of an unoccupied structure, criminal mischief, petit theft, and possession of burglary tools entered in Miami-Dade County Circuit Court, Case No. F07-10724.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE#1), the Court has the respondent's response (DE#16) to an order to show cause with multiple exhibits (DE#s17-18), and the petitioner's reply (DE#19).

## Claims

The petitioner raises the following claims:

1.    He was denied effective assistance of counsel, where his lawyer misadvised him to stipulate to prior, incorrect

predicate convictions which resulted in an enhanced sentence that violated due process. (DE#1:6).

2.    He was denied effective assistance of counsel, where his lawyer failed to object to the prosecution's failure to establish the predicate convictions used to enhance petitioner's sentence, by providing certified copies of those priors. (DE#1:8).

3.    His sentence is illegal as a matter of law because he does not have the requisite predicate convictions to support the enhancement. (DE#1:9).

4.    He was denied effective assistance of counsel, where his lawyer waived petitioner's right to be served with written notice from the prosecution detailing its intent to seek an enhanced sentence. (DE#1:11).


## Procedural History

The petitioner was charged by Information with burglary of an unoccupied structure (Count 1), criminal mischief over $1,000 (Count 2), petit theft (Count 3), and possession of burglary tools (Count 4). (DE#17:1-7). On November 13, 2007, the petitioner pled guilty, was adjudicated a violent career criminal, and then sentenced to a total term of 15 years in prison. (DE#17:8-018). The sentence imposed a 10-year minimum mandatory pursuant to Fla. Stat. §775.084(4), and was comprised of the following: 15 years in prison as to Count 1, two concurrent terms of 5 years in prison as to Counts 2 and 4, and seven months in prison with time served as to Count 3. (DE#17:8-18). No direct appeal was filed. For purposes of the federal one-year limitations period, the petitioner's conviction became final on December 13, 2007, at the expiration of the thirty-day appeal period from the judgment. See Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4 Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1 Dist. 1988).

The federal limitations period ran unchecked for over **5 months**, from December 13, 2007 until May 22, 2008, when the petitioner returned to the trial court filing a motion to correct illegal sentence pursuant to Fla.R.Cr.P. 3.800(a). (DE#17:35-43). The trial court's denial of the motion, was *per curiam* affirmed without written opinion, Teater v. State, 7 So.3d 1113 (Fla. 3 DCA 2009)(table) (DE#17:55), with the mandate issuing on May 13, 2009. (DE#17:56).

Once the foregoing appellate proceedings were concluded, the federal limitations period once again ran unchecked for over **2 months**, from May 13, 2009 until July 26, 2009, when the petitioner returned to the state trial court filing his first motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, raising the same claims raised in this federal petition, as listed above. (DE#17:57-81). On August 11, 2009, the trial court entered an order denying the motion, finding the motion insufficient in substance to support relief, and that the allegations contained therein do not constitute legal grounds for granting a new trial or for release of the prisoner. (DE#17:82). After briefs were filed by petitioner and the state, on May 12, 2010, the Third District Court of Appeal *per curiam* affirmed the denial of the Rule 3.850 motion without written opinion. Teater v. State, 36 So.3d 109 (Fla. 3 DCA 2010)(table); (DE#18:132). Rehearing was denied, and the mandate issued on June 21, 2010. (DE#18:145-147).

The limitations period next ran for approximately **one week,** from June 21, 2010 until July 5, 2010, when the petitioner came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]

---

[1]See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

<u>Threshold Issues - Statute of Limitations</u>,
<u>Exhaustion and Procedural Bar</u>

The respondent in its response to the order to show cause rightfully does not challenge the timeliness of the instant petition. <u>See</u> 28 U.S.C. §2244(d)(1)-(2). As to the issue of exhaustion, the respondent concedes that all claims raised in this petition have been properly exhausted before the state courts,[2] <u>see</u> 28 U.S.C. §2254(b)(1) and (b)(1)(A)(A state prisoner's habeas corpus petition "shall not be granted unless it appears that----the applicant has exhausted the remedies available in the courts of the State...."), and further concedes that no procedural bars prevent review on the merits of the claims raised. <u>See</u> <u>Cone v. Bell</u>, 556 U.S. ____, ____, 129 S.Ct. 1769, 1780 (2009)(holding that when petitioner fails to first raise his federal claims in state court in compliance with relevant state procedural rules, federal habeas review is procedurally barred). Review on the merits of all claims raised is, therefore, warranted.

<u>Standard of Review</u>

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996).

---

[2]A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999); <u>Richardson v. Procunier</u>, 762 F.2d 429, 430 (5th Cir. 1985); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5th Cir. 1982), <u>cert. denied</u>, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." <u>Picard v. Connor</u>, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5th Cir. 1979). In Florida, claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, but are properly raised in a motion for postconviction relief. <u>See</u> <u>Kelley v. State</u>, 486 So.2d 578, 585 (Fla.), *cert. denied*, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).

4

Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11th Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in Williams v. Taylor, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established

federal law was objectively unreasonable. <u>See</u> <u>id</u>. at 409-11. <u>See</u> <u>also</u> <u>Knowles v. Mirzayance</u>, 556 U.S. ____, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. at 412, 120 S.Ct. at 1523 (majority opinion by O'Connor, J.). Findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11th Cir. 2007), <i>cert. denied</i>, 553 U.S. 1007 (2008).

<u>Applicable Legal Principles</u>

A.   <u>Guilty Plea Principles</u>

It is well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970). <u>See also</u> <u>United States v. Ruiz</u>, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); <u>Hill v. Lockhart</u>, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); <u>Henderson v. Morgan</u>, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the

charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999).

After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003), cert. denied, 540 U.S. 1149, 124 S.Ct. 1146, 157 L.Ed.2d 1042 (2004), attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

In other words, a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). A guilty plea must therefore stand unless induced by misrepresentation made to the accused person by the court, prosecutor, or his own counsel. Mabry, 467 U.S. at 509, quoting, Brady v. United States, 397 U.S. at 748. If a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may then challenge the guilty plea under the Due Process Clause. Mabry, 467 U.S. at 509; see also Santobello v. New York, 404 U.S. 257 (1971). The general principles of law with regard to guilty pleas are equally applicable for pleas of nolo contendere. North Carolina v. Alford, 400 U.S. 25, 37

(1970).

B. <u>Ineffective Assistance of Counsel Principles</u>

Because the petitioner asserts in his petition that trial counsel rendered ineffective assistance, this Court's analysis begins with the familiar rule that the Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. CONST. amend. VI. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. <u>Id</u>. at 689.

This two-part standard is also applicable to ineffective-assistance-of-counsel claims arising out of a guilty plea. <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Padilla v. Kentucky</u>, ___ U.S. ___, ___, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010). In the context of a guilty plea, the first prong of <u>Strickland</u> requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while

the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea. Hill, 474 U.S. at 56-59. If the petitioner cannot meet one of Strickland's prongs, the court does not need to address the other prong. Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

<u>Facts</u>
<u>Change of Plea and Sentence Proceedings</u>

During the course of the state criminal proceeding, the petitioner decided that it was in his best interest to change his earlier entered pleas of not guilty to the crimes charged to pleas of guilty. See Change of Plea Transcript. (DE#17:18-34). The petitioner was represented by David Oscar Markus, Esquire during the pretrial and change of plea proceedings. (Id.). The petitioner was sworn in and the trial court conducted a thorough plea colloquy, during which the court first determined that the petitioner was on medications for anxiety/hypertension, but that it did not impair or otherwise affect his ability to understand the nature of the proceedings. (Id.:3-4). The petitioner also denied being under the influence of any drugs or alcohol. (Id.:4).

The court next confirmed that the petitioner was willing to take a plea to 15-years with a 10-year minimum mandatory as a "violent career criminal," with the understanding that if the court accepted the plea, the petitioner's probation violation hearing would be mitigated to credit time served. (Id.:4-5).

To ensure that the petitioner fully understood the possible sentences to be imposed pursuant to the guilty pleas, the trial

court listed each and every offense for which the petitioner was entering his guilty pleas and then apprised the petitioner of the possible maximum penalties, without the violent career criminal enhancement, for the particular offenses. Id. at 5-6. Specifically, the trial court stated that burglary of an unoccupied structure carried a maximum penalty without the violent career criminal enhancement of 5 years in prison, the criminal mischief carried a maximum of 5 years, petition theft had a maximum of 60 days, and possession of burglary tools, also carried a 5-year maximum. (Id.:5). The court then stated that without any enhancement, the petitioner was facing a total exposure of 15 years plus 60 days in prison. (Id.). However, the court then advised and the petitioner acknowledged that, as a violent career criminal, he also faced a 15-year term of imprisonment, but that it carried a minimum mandatory of 10-years. (Id.:6).

The court then apprised the petitioner of the constitutional rights he was waiving, including the right to a trial by jury, to remain silent, to have the prosecution prove his guilt beyond a reasonable doubt, to have witnesses testify on his behalf, to testify on his own behalf at trial, to compel witnesses to testify on his appeal, and to appeal his convictions to a higher court. (Id.:6-7). When asked if he was certain that he wished to give up those rights, the petitioner responded in the affirmative. (Id.:7).

The petitioner next acknowledged he had sufficient time to confer with counsel regarding his case, and was satisfied with counsel's representation. (Id.:7). He further confirmed that counsel had done everything the petitioner asked him to do on the case. (Id.:13). The petitioner also denied being forced or threatened by anyone, including his attorney, to enter the guilty pleas, and was doing so because he felt it was in his best interest

10

to do so. (Id.:7).

The petitioner also acknowledged and understood that, according to the notice and prosecution files, he qualified as a habitual offender, a habitual violent felony offender, and a violent career criminal. (Id.:8). The movant agreed that no one could guarantee the exact amount of time he would serve as a violent career criminal, and that he may not be entitled to gain time off his sentence. (Id.:8-9).

When the court asked the prosecution what cases it was relying on for habitualization, the following colloquy was then had on the record:

STATE: June 20, 1989 the defendant was convicted of two counts of armed burglary, two counts of criminal mischief $200 to a $1,000, and that case number F894934A. On June 13, 1989, the defendant in case number F891895A was convicted of one count of first degree murder, one count of robbery with a deadly weapon, one count of aggravated assault, one count of burglary of an unoccupied dwelling, one count of use of a firearm by a convicted felon, one count of cocaine possession; and in case number F8842496 on June 13th, 1989, the defendant was convicted of one count of burglary of a structured convenience, one count of grand theft in the third degree. In case –on April 25th 1988 the defendant was convicted in case number F8738823b one count of burglary of a structured conveience. And finally on April 2nd of 2004, the defendant was convicted of aggravated stalking under case F045982 and also domestic violence, and injunction violence, and aggravated battery with a deadly [sic] weapon.

COURT: Are you in fact the defendant in all these cases mentioned by the State Attorney?

DEFENDANT: I believe so. I'm not sure. I'm pretty sure that's my record.

DEF.ATTY: I'll stipulate that's it.

11

```
DEFENDANT:   Yes.

THE COURT:   So you were the defendant in those cases?

DEFENDANT:   Yes.

THE COURT:   Do you have any proof that any of those convictions
             have been set aside by post conviction relief or by a
             pardon from the governor?

STATE:       No.

DEF.ATTY:    No.
```

(<u>Id</u>.:9-11).

The petitioner then gave a factual recitation which formed the basis for the offenses. (<u>Id</u>.:11-12). Defense counsel and the prosecution also stipulated that there was a factual basis for a plea and both, including the petitioner, waived preparation of a PSI. (<u>Id</u>.:13-14). The petitioner further acknowledged that, although counsel had filed a motion to suppress, he was waiving the right to have the motion heard. (<u>Id</u>.:13). He also confirmed that, by accepting the plea, he was waiving his right to file any post-conviction motions claiming counsel was ineffective. (<u>Id</u>.:13).

The court then accepted the plea, finding as follows:

> Based on the stipulation of the parties and the Courts' review of the arrest affidavit, and information in the file, the Court finds there is a factual basis for the plea the defendant is alert and intelligent, understand the nature and consequences of the plea. The plea is made freely and voluntarily after having advise [sic] of competent counsel.
>
> The Court also finds the defendant did receive notice of the States' intention to seek enhanced penalties as a violent career criminal. The notice was filed with the clerk on April 24th, 2007. The Court finds the State has proved by a preponderance of the evidence that the defendant has previously been convicted of at least three felonies which the assistant state attorney placed on the record. The Court also finds the defendant was previously incarcerated in state prison for 17 years and that was in the F89-case....
>
> F891895A or something like that, I can't read my writing, you were sentenced to prison for 17 years on that case. The Court finds that

12

the felony for which the defendant is being sentenced and prior felonies are are [sic] numerated felonies Florida statute 775.084 subsection 1D1. The Court finds the felony the is currently being sentenced was committed on or after May 24, 1997, and was within 5 years of a conviction or release from prison or other commitment, or numerated felonies which would be the F04 case....

In addition, the Court finds the defendant offered no evidence of prior convictions that has been set aside by post conviction proceedings or by a pardon from the governor.

Therefore, at this time the Court finds the defendant qualifies as a career criminal and a violent career criminal, and I'm going to accept the guilty plea, adjudicate you guilty, and sentence you to on count one 15 years as a violent career criminal with a 10 year minimum mandatory, on count two will be five years concurrent, count three you get credit time served, and I am imposing all mandatory and discretionary court cost, and there is no mention of restitution in the actual case. As far as the plea that's not an issue.

(Id.:14-16).

The petitioner acknowledged the foregoing, requested a two day furlough, stating he was aware if he failed to appear he could get life in prison. (Id.:16). However, the furlough request was denied by the court. (Id.).

<u>Discussion</u>

A. <u>Voluntariness of Guilty Plea</u>
<u>and Ineffective Assistance of Trial Counsel</u>

The gist of the petitioner's challenges as enumerated in **claim one, two, and four,** is that his convictions were obtained by a plea of guilty which was unlawfully induced or not made voluntarily in that the plea was based upon ineffective assistance of trial counsel.

As claimed throughout the state court proceedings, the petitioner alleges here as **ground one** that trial counsel misadvised him to stipulate to prior, non-existent predicate convictions of

13

murder and robbery, when the proper convictions were for attempted murder and attempted robbery. In related **claim two**, the petitioner faults counsel for failing to require that the prosecution provide certified copies of the petitioner's prior convictions, rather than the computer-generated criminal history sheets, in order to support the enhanced sentence. Finally, in **claim four**, the petitioner claims counsel should not have waived service of notice by the prosecution of its intent to seek an enhanced sentence.[3] The petitioner essentially maintains that, if counsel's performance had not been deficient, he would not have been enhanced as a career offender, and thus would not have received the 15-year sentence with a minimum mandatory 10-years in prison. These claims, however, are refuted by the record.

Full review of the above-reviewed record reveals that the petitioner is not entitled to relief in this habeas corpus proceeding. See Boykin v. Alabama, 395 U.S. 238, 243 (1969); Brady v. United States, 397 U.S. 742, 748 (1970). See also Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984). It is apparent from the record that the petitioner's plea was entered freely, voluntarily and knowingly with the advice received from competent counsel and not involuntarily and/or unknowingly entered, as now claimed by the petitioner.

As indicated, before entering the plea and before the plea was

---

[3] As to the arguments posited in claims two and four that counsel did not receive notice from the prosecution regarding its intent to seek an enhanced sentence, that claim is refuted by the record. Although the court initially commented that it could not find a copy of the notice in the court file, it is clear from an entire review of the change of plea proceedings that one was filed, that the parties were aware of its filing, and that the court was able to consider the notice, as well as, documents provided by the prosecution to support the enhancement. Moreover, the petitioner agreed that he qualified for the enhanced sentence. Thus, any argument as alleged by the petitioner here fails to satisfy the prejudice prong under Strickland. Consequently, the petitioner is entitled to no relief on these claims for this alternative reason.

14

accepted by the trial court, the petitioner assured the trial court that he had discussed with counsel the nature of the charges to which he was entering his plea, the essential elements of the charges, the possible defenses to the charges, and the possible sentences that could be imposed by the court. He further told the court that he had understood everything discussed and that he was fully satisfied with the representation received from his lawyer. The petitioner also testified during the change of plea proceeding that he had not been promised any particular sentence by counsel. He also unequivocally stated during the plea proceeding that he had not been threatened into entering the subject guilty pleas. A defendant's sworn answers during a plea colloquy must mean something. Consequently, a defendant's sworn representations, as well as representation of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). See also Kelley v. Alabama, 636 F.2d 1082, 1084 (5th Cir. Unit B. 1981).

Here, as will be recalled, the prosecution listed multiple prior convictions which supported the enhanced sentence. Even if it misspoke regarding the fact that the robbery and murder offenses were, in fact, only attempts, nonetheless, there were sufficient predicate offenses upon which to support the enhanced sentence. Further, the petitioner challenged, by way of a Rule 3.800 motion, the lawfulness of his enhanced sentence on the basis which form his ineffective assistance of counsel claims here. The arguments were found to be without merit, and that denial was subsequently affirmed on appeal. Teater v. State, 7 So.3d 1113 (Fla. 3 DCA 2009)(table); (DE#17:55). Likewise, the summary denial of his ineffective claims were also affirmed on direct appeal. Teater v. State, 36 So.3d 109 (Fla. 3 DCA 2010)(table); (DE#18:132).

Thorough review of the record in this case confirms that the petitioner agreed he had the requisite prior convictions to support the enhanced sentence. Moreover, the lawfulness of his sentence was upheld in the Rule 3.800 proceeding. There is nothing of record to suggest that the trial court's findings in this regard were not supported by the record or were otherwise deficient.

Here, it is clear that the petitioner's plea had been voluntarily entered and that counsel's representation had not been constitutionally ineffective with regard to the entry thereof. It is apparent that the state postconviction attack upon the plea and now this federal attack is based upon the petitioner's displeasure with the sentence he ultimately received. However, as will be recalled, despite the enhanced sentence, the petitioner received the 15-year plea he bargained for.

Moreover, it is well settled that the subjective belief of a defendant as to the duration of sentence that will be imposed, unsupported by any promises from the government or indications from the court, is insufficient to invalidate a plea of guilty as unknowing or involuntary. See United States v. McIntosh, 566 F.2d 949, 951 (5th Cir. 1978)(holding that where defendant pleaded guilty to an offense and received sentence of two years' imprisonment under statute providing that court may specify that prisoner may become eligible for parole at such time as the Board of Parole may determine, to commence upon expiration or legal release from unrelated 12-year federal sentence defendant was then serving, defendant's mere belief or supposition that he would receive an early release date on parole did not render his guilty plea involuntary, nor did actions of the Parole Board in subsequently determining to continue the sentence until expiration indicate a mistaken belief on the part of the sentencing court as

16

to either the purpose or operation of statute). <u>See also</u> <u>United States v. Bochas</u>, 131 Fed.Appx. 968, 969 (5th Cir. 2005). Similarly, a defendant's reliance on his attorney's erroneous prediction of the consequences of a guilty plea is not sufficient to render a guilty plea involuntary. <u>See generally</u> <u>United States v. Stumpf</u>, 827 F.2d 1027, 1030 (5th Cir. 1987)(holding that a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary).

Regardless, even if this Court were to find that trial counsel was deficient in some way for failing to challenge the predicate offenses utilized by the prosecution to support the enhanced sentence, as succinctly expressed by the respondent here, the record confirms that the petitioner had more than sufficient predicate offenses to support the enhancement. Consequently, even if counsel had objected, and further assuming the objections had been sustained, the petitioner would still not have received a lesser sentence because he had other prior convictions, as noted in the sentencing scoresheet upon which the prosecution could have relied upon to support the enhancement. There is no reason whatever to believe that a lesser sentence would have otherwise resulted, but for the purported deficiencies on counsel's part. Consequently, the petitioner cannot satisfy the prejudice-prong of <u>Strickland</u> in this case. <u>See</u> <u>United States v. Minhas</u>, 2008 WL 239079, 14 (N.D.Fla. 2008).

The guilty pleas here were clearly lawful and counsel's performance was not constitutionally ineffective. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985); <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See also</u> <u>Knowles v. Mirzayance</u>, 556 U.S. ___, 129 S.Ct. 1411, 1420 (2009)(stating that <u>Strickland</u>-claims are subject to a doubly deferential standard of judicial review under the

§2254(d)(1) standard), citing, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). Relief must be denied pursuant to 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000). The rejection by the state courts of the petitioner's challenges to his pleas based on counsel's ineffectiveness, raised here as claims one, two, and four, were not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must be denied pursuant to 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000).

## B. Trial Court Error

The petitioner claims in **ground three** that his sentence is unlawful as a matter of law because the prior convictions used to support the enhanced sentence do not exist. (DE#1:9).

As presented in the instant federal petition, the petitioner's claim is not cognizable in this federal habeas corpus proceeding in that it involves only an alleged state constitutional violation. It is well settled that a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1433 (11 Cir. 1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. There is nothing in the record to indicate that fundamental due process was denied in the petitioner's case. Thus, the petitioner's challenge to his enhanced sentence on the ground raised is not reviewable in this federal proceeding.

Even if the petitioner were to challenge the lawfulness of his sentence as unconstitutional pursuant to the United States Constitution, he would not be entitled to relief in that his claim is meritless. Recidivism statutes have long been sustained in the Supreme Court against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities. See Spencer v. State of Texas, 385 U.S. 554, 656-66 (1967)(observing that "[recidivist] statutes  . . . have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities"). States have a valid interest in deterring and segregating habitual criminals. Rummel v. Estelle, 445 U.S. 263 (1980)(upholding recidivist statute requiring life imprisonment for conviction of third felony, obtaining $120.75 by false pretenses, against challenges under the 8th and 14th amendments). Florida has upheld recidivist statutes against constitutional challenges based on double jeopardy, ex post facto laws, cruel and unusual punishment, due process, and the equal protection clause. See Tillman v. State, 609 So.2d 1295, 1297 (Fla. 1992)(holding that sentencing defendant as habitual violent-felony offender when defendant had previously committed violent felony and offense triggering habitual violent-felony offender statute was nonviolent felony did not violate defendant's substantive due process rights).

Moreover, on appeal both from denial of his Rule 3.800 motion[4] and his Rule 3.850 motion, the state appellate court upheld the

---

[4]By the petitioner's own concession, as noted on appeal from the denial of that motion, his challenge to the lawfulness of the predicate offenses used to support the enhanced sentence was devoid of merit and, therefore, he abandoned same. (DE#17:48).

validity of the petitioner's enhanced sentence. Federal habeas corpus relief must, therefore, be denied pursuant to 28 U.S.C. §2254(d). See Williams v. Taylor, supra.

In his traverse, the petitioner appears to challenge the validity of his enhanced sentence as a violent career criminal pursuant to Fla.Stat. 775.084(4) as unconstitutional in light of United States v. Booker, 543 U.S. 220, 229 (2004), because he was not provided with nor did he stipulate to the relevant predicate offenses or facts to support his enhanced sentence.[5] There is no error here. In fact, the petitioner agreed that he had sufficient prior convictions to support his enhanced sentence. Even if there were error, this claim is also meritless. In Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998), the Supreme Court held that a federal sentencing provision which increases the maximum sentence for an alien who illegally enters the United States after being deported does not set out a separate offense, but rather is a penalty provision or sentencing factor for the offense of illegal reentry. The Court in that case noted that "recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Id. Federal courts have repeatedly held that the holding of Almendarez-Torres has survived Apprendi[6] and its progeny Booker. See, e.g., United States v. Acevedo, 285 F.3d 1010 (11 Cir. 2002); United States v. Anglin, 284 F.3d 407, 408 (2 Cir. 2002).

---

[5]In Florida, a defendant qualifies for sentencing under the four classifications of the habitual offender statute, section 775.084, if the trial court finds that the defendant has at least two prior felony convictions and he or she committed the instant offense (1) while serving a prison sentence or a term of supervision for a prior felony conviction or (2) within five years of the date of the last felony conviction or the date of release from prison or supervision from the last prior felony conviction. See Fla.Stat. §775.084(1)(a), (b), (c), (d). In addition, in order to qualify as a violent career criminal, the trial court must find that the "defendant has been incarcerated in a state prison or a federal prison." Fla.Stat. §775.084(1)(d)(2).

[6]Apprendi v. New Jersey, 530 U.S. 466 (2000).

This Court notes that Florida's habitual offender sentencing provisions allow the enhancement of sentences for recidivism, and the Florida courts have repeatedly rejected the similar claim that Florida's habitual felony offender statute, which enhances a sentence for recidivism, is unconstitutional based on Apprendi and its progeny, Booker. See McBride v. State, 884 So.2d 476, 478 (Fla. 4 DCA 2004)(holding that Blakely[7] does not entitle a defendant to have a jury determine whether he has the requisite predicate convictions for a habitual felony offender sentence); Gudinas v. State, 879 So.2d 616, 618 (Fla. 2004)(holding that habitual violent felony offender sentencing is unaffected by Apprendi). See also Wright v. State, 780 So.2d 216 (Fla. 5 DCA 2001).[8] Further, the Florida courts have specifically rejected the contention, raised by Brown here, that Blakely v. Washington, 542 U.S. 296 (2004), applies to the findings necessary for violent career criminal sentencing. See Sustakoski v. State, 992 So.2d 306, 308-09 (Fla. 4 DCA 2008), citing, Dennis v. State, 784 So.2d 551 (Fla. 4 DCA 2001)(holding that Apprendi does not require that the requisite

---

[7]Blakely v. Washington, 524 U.S. 296 (2004).

[8]In so holding, the court in Wright stated in pertinent part as follows:

...Defendant argues that under the habitual felony offender statute, the trial judge must not only make a finding of fact that a prior conviction exists, but also must find that the conviction was for a qualified offense committed within five years, was not for a violation of section 893.13, Florida Statutes (1993), and had not been vacated, or the defendant pardoned. Therefore, he concludes that under Apprendi, the statute is unconstitutional.

The United States Supreme Court expressly acknowledged in Apprendi that recidivism is a traditional basis for increasing a sentence and is a fact which does not relate to the commission of the offense before the court. (citation omitted). Nothing in Apprendi overrules the Florida Supreme Court's holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980) that the determination that a defendant could not be sentenced as an habitual felony offender was independent of the question of guilt in the underlying substantive offense and did not require the full panoply of rights afforded a defendant in the trial of the offense.

Wright, 780 So.2d 216, 216-17 (Fla. 5 DCA 2001).

predicate convictions necessary to impose a violent career criminal sentence be proved to the jury beyond a reasonable doubt).

## Evidentiary Hearing

The petitioner's request for an evidentiary hearing on any or all the claims raised in this federal petition should be denied. To be entitled to an evidentiary hearing on habeas claims, Rogers must allege facts that, if proved at the hearing, would entitle him to relief. See Schriro v. Landrigan, 550 U.S. 465, 474-75, 127 S.Ct. 1933, 1940 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). For reasons discussed herein, an evidentiary hearing is not required for the disposition of this case. Id. See also Atwater v. Crosby, 451 F.3d 799, 812 (11 Cir. 2006)(addressing petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). The petitioner has failed to demonstrate the existence of any factual dispute that warrants a federal evidentiary hearing.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 16<u>th</u> day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Richard Teater, <u>Pro Se</u>
     DC#387637
     DeSoto Correctional Institution
     13617 SE Highway 70
     Arcadia, FL 34266-7800

     Lunar C. Alvey, Ass't Atty Gen'l
     Office of the Attorney General
     Department of Legal Affairs
     444 Brickell Avenue, Suite 650
     Miami, FL 33131